IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

\* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2: 96-CR-077 J |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| WILLIAM OXX, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\* \* \* \* \* \* \* \* \*

The Court having reviewed the memoranda filed by the parties hereby finds that additional briefing is necessary to adequately determine the issues presented in defendants' motions. Accordingly, the parties are directed to file supplemental memoranda of law addressing the following issues:

1.  Given the designation of the entire surface of Lake Powell as an "airstrip," see 36 C.F.R. § 7.70 (a)(6), is the surface of Lake Powell an "airport" as that term is defined by the current FAA regulations? See 49 U.S.C. § 40102 (9); 14 C.F.R. § 1.1; 14 C.F.R. § 152.3 (2); 14 C.F.R. § 157.2; see also 49 U.S.C. § 40102 (28) (defining "landing area").

2.  If an "airport" or airstrip is operated within the Glen Canyon National Recreation Area, or any other recreation area or national park, is it the FAA or the National Park Service that governs the airport's operations? Your response should address the application of Section 7a of Title 16 of the United States Code.

3.  Does the Glen Canyon National Recreation Area receive any federal funding in relation to the operation of the designated airstrips or airports within its confines?

4.	What application, if any, does FAA Airport Compliance Order No. 5190.6A have concerning parachuting activities at an airstrip or airport within the Glen Canyon National Recreation Area?

5.	Section 7d of Title 16 of the United States Code states that all airports within a national recreation area "shall be operated as public airports, available for public use on fair and reasonable terms without unjust discrimination." Similarly, section 40103 (e) of Title 49 of the United States Code states that "[a] person does not have an exclusive right to use an air navigation facility on which Government money has been expended." Do these so-called "anti-discrimination" provisions apply to parachute use at a federally-funded airport or airstrip? Do they apply to the airstrips at the Glen Canyon National Recreation Area? Your response should address the applicability of FAA Airport Compliance Requirements Order No. 5190.6A.

6.	Does the FAA's regulation of parachute use at airports, see 14 C.F.R. § 105.17, also apply to airstrips? Does this same regulation govern airstrips or airports within a national recreation area? Does the FAA's regulation of parachuting activities at an airport indicate an intent to pervasively regulate such activities? Your response should address the applicability of 14 C.F.R. § 105.1 and Blue Sky Entertainment, Inc. v. Town of Gardiner, 711 F. Supp. 678, 693 (N.D.N.Y. 1989).

7.	Has the FAA addressed the reasonableness of parachute use at the designated airstrips within the Glen Canyon National Recreation Area? Does the blanket prohibition on the delivery of persons by parachute, as stated in 36 C.F.R. § 2.17 (a)(3), require prior FAA approval to be effective? Is the parachuting prohibition found in 36 C.F.R. § 2.17 (a)(3), consistent with FAA Airport Compliance Requirements Order No. 5190.6A?

8.	If both the FAA and the National Park Service have regulations governing parachuting activities, which agency's regulations have primacy? Is your response dependent on whether the regulations of the agencies are consistent?

9.	Discuss the relevance, if any, of the following cases: Louisiana Regional Airport v. Aero Resources, L.L.C., 962 F. Supp. 866 (M.D. La. 1997); Skydiving Center v. St. Mary's County Airport Commission, 823 F. Supp. 1273 (D. Md. 1993); and Malone Parachute Club, Inc. v. Town of Malone, 610 N.Y.S.2d 686 (N.Y. App. Div. 3d Dep't 1994).

The parties' memoranda must be filed no later than June 22, 1998. A hearing on the

arguments presented in the supplemental memoranda will be held on July 10, 1998, at 9:30 a.m. As a result, the previously scheduled trial date of June 3, 1998 is vacated. A new trial date will be set at the July 10, 1998 hearing.

**SO ORDERED.**

BRUCE S. JENKINS
United States Senior District Judge

```
                                                                  mjm
                    United States District Court
                             for the
                        District of Utah
                         May 29, 1998
```

\* \* MAILING CERTIFICATE OF CLERK \* \*

Re:   2:96-cr-00077

True and correct copies of the attached were mailed by the clerk to the following:

```
    Mr. Stewart C. Walz, Esq.
    US ATTORNEYS OFFICE - UTAH
    ,
    PFAX 9,5246925

    Fred M. Morelli Jr., Esq.
    MORELLI COOK & PETERSEN
    403 W GALENA BLVD
    AURORA, IL   60506

    Mr. Thomas R Patton, Esq.
    ALDRICH NELSON WEIGHT & ESPLIN
    43 E 200 N
    PO BOX L
    PROVO, UT   84603-0200

    USMS
    DISTRICT OF UTAH
    ,
    FAX 9,5244359

    US Probation
    DISTRICT OF UTAH
    ,
    FAX 9,5261136
```